UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIANE L. WICHMAN,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE, Commissioner of<br>Social Security Administration,<br><br>           Defendant. | Case No.  C06-5599RBL<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for June 15, 2007 |

    This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  This matter has been fully briefed.  After carefully reviewing the record, the undersigned recommends that the Court remand the matter for further consideration.

FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff is 46 years old. She obtained a high school education, attending special education classes throughout (Tr. 18, 82, 246).  Plaintiff has past relevant work experience as a yard worker, housekeeper, dishwasher, and janitor (Tr. 263).

    Plaintiff applied for Disability Insurance Benefits (DIB) on March 14, 2003.  She alleged disability since March 21, 1993, because of fetal alcohol syndrome, low mental capacity, leg and back problems, and high blood pressure (Tr. 76). Her alleged onset date was later amended to December 1, 1998, with

REPORT AND RECOMMENDATION
Page - 1

additional impairments of obesity and depression (Tr. 18, 244, 248-51). She last worked part-time as a dishwasher in March 1993 when she quit to remain home to care for her ill husband (Tr. 242-44).

After initial review and after an administrative hearing, on December 29, 2005, an administrative law judge ("ALJ") denied the application.  In his written decision, the ALJ found Plaintiff was limited in work due to mental retardation and dependent personality traits, but nonetheless she was still capable of working as a dishwasher or housekeeper (Tr. 17-24).

Plaintiff challenges the ALJ's finding that she is not disabled.  Plaintiff specifically argues: (1) the ALJ erroneously failed to find that Plaintiff met listing 12.05C; and (2) the ALJ failed to properly consider the opinion of the treating physician, Dr. Adatia.  Plaintiff argues the court should remand the matter for an award of benefits.   In response to plaintiff's arguments, defendant agrees the ALJ failed to properly consider whether or not Plaintiff's impairments met or equal Listing 12.05C.  After careful consideration of the Administrative Record and the parties' memoranda, the undersigned recommends that the Court remand the case for further consideration.

## DISCUSSION

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000); Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir.1989); Varney v. Secretary of HHS, 859 F.2d 1396, 1399 (9th Cir., 1988).  In Varney, the Ninth Circuit held that in cases where the record is fully developed, a remand for further proceedings is unnecessary.  Id., 859 F.2d at 1401.  An award of benefits is appropriate only when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion.  Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate.  Rodriguez, 876 F.2d at 763.

Here, the record is not complete, and the matter must therefore be remanded for further consideration.  As conceded the ALJ erred when he failed to properly consider whether or not Plaintiff's impairments met or equal Listing 12.05C.  Listing 12.05C requires a diagnosis of mental retardation with a

valid IQ score of 60 through 70, a physical or other mental impairment imposing an additional and significant work-related limitation of function, and a showing that the mental retardation was initially manifested before age 22. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05C. Plaintiff argues the evidence on record supports a finding that Plaintiff meets the listing, relying on the opinion evidence of Dr. Adatia. Significantly, the medical evidence of Dr. Adatia is contradicted. Dr. Peterson and Dr. Eather found Plaintiff's mental impairments did not meet the listing (Tr. 169, 179, 185). Accordingly, the administration, not the court, should reconsider and properly weigh the medical evidence, consult with a medical expert and determine whether or not Plaintiff's impairments met or equal any of the Listings.

Further proceedings are necessary because there are outstanding issues that must be resolved before a finding of disability can be made. On remand, the administration reevaluate and reconsider each of the five steps in the evaluation process, which would necessarily included the following:

- reconsideration of the medical evidence as a whole;
- evaluation of whether or not Plaintiff's impairments meet or equal on of the Listings;
- reconsideration of Plaintiff's credibility, and
- obtain necessary medical and vocational-expert testimony.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court REMAND the matter to the administration with the direction that the Commissioner assign a new ALJ.  On remand the new ALJ shall review the record as described in this report.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 15, 2007**, as noted in the caption.

DATED this 23rd day of May, 2007.

                               /s/ J. Kelley Arnold  
                               J. Kelley Arnold  
                               U.S. Magistrate Judge